# United States Court of Appeals
## For the First Circuit

---

No. 01-2262

GEORGE M. WALKER; JERE BECKMAN; JOEL SIGRIST;
SUSAN M. NEWELL; and LEE SLOCUM,

Plaintiffs, Appellants,

v.

EXETER REGION COOPERATIVE SCHOOL DISTRICT;
OYSTER RIVER COOPERATIVE SCHOOL DISTRICT;
JOHN STARK REGIONAL SCHOOL DISTRICT;
WINCHESTER SCHOOL DISTRICT; and
AMHERST-SOUHEGAN COOPERATIVE SCHOOL DISTRICT,

Defendants, Appellees.

---

ERRATA

The opinion of this Court, issued on March 19, 2002, should be amended as follows.

On page 11, between line 10 and "<u>Affirmed</u>.", insert the following two paragraphs:

In any event, the claim of "impermissible motive" is based on a misunderstanding.  All super-majority requirements "dilute" the votes of those who would win if a bare majority sufficed.  This is just another way of saying that the legislature (or Constitution drafter for that matter, <u>e.g.</u>, U.S. Const. art. II, § 2, cl. 2; <u>id.</u> art. V) believed that the type of action should be attended by special caution

and should by taken only with more support than a simple majority. Examples include the ratification of treaties, amendments to the Constitution, and votes to cut off Senate debate.

So, when New Hampshire adopted and then modified a super majority requirement for local bond issues, we assume with plaintiffs that its purpose was to weight voting and affect outcomes. But, contrary to plaintiffs' assumption, this does not, standing alone, condemn the measure or invite some form of special scrutiny. See Gordon v. Lance, 403 U.S. at 6-7. Still less does the legislative action taken here--a reduction in the super-majority requirement (from two-thirds to three-fifths) for official ballot districts--require special justification.